## In Re Anonymous No. 3 D.B. 82

Disciplinary Board Docket no. 3 D.B. 82.

REPORT OF HEARING COMMITTEE [ ]

Summary of Nature of the Case

July 7, 1982—This report will cover two charges filed against respondent to no. 3 D.B. 82.

The charges filed to no. 3 D.B. 82 arise from a personal loan made by respondent to Justice [A] in response to a personal request from Justice [A]. Respondent is charged with professional misconduct involving the lending of money to a judge and failing to report the request for such loan and acceptance thereof to a tribunal or other authority empowered to investigate such alleged violation of Disciplinary Rules by Justice [A].

Petition for discipline was filed January 20, 1982 and service accepted by respondent January 28, 1982. Answer to petition for discipline was filed February 16, 1982. Petition for discipline was then assigned to hearing committee [ ]. Hearing was fixed for March 31, 1982 and rescheduled for April 16, 1982 at 10:00 a.m. for the convenience of the parties and the hearing committee. The resignation of [ ], both as chairman and a member of hearing committee [ ], by letter dated March 1, 1982, was accepted by the Disciplinary Board and

hearing having been scheduled and rescheduled prior to the appointment of [ ] to Hearing Committee [ ], and [ ] sat as the hearing committee with respect to the petition for discipline filed to no. 3 D.B. 82 against respondent.

## STATEMENT OF CHARGES AND DISCIPLINARY RULES ALLEGED TO HAVE BEEN VIOLATED

The petition for discipline filed January 20, 1982, alleges violations of the following Disciplinary Rules of the Code of Professional Responsibility:

(a) D.R. 1-103—dealing with a lawyer who possesses unprivileged knowledge of professional misconduct by another lawyer or judge.

(b) D.R. 7-110(A)—dealing with a lawyer giving or lending anything of value to a judge.

## RULINGS ON ADMISSIONS OF EVIDENCE

Petitioner offered in evidence Paragraphs one, two, three, four, five, five (a), and five (b), of the petition for discipline. Respondent having no objection to the committee considering the contents of the petition and answer, only calling attention to the fact that the answer to paragraph five (b) admits that respondent should have known of the prohibition of D.R. 7-110(A), but does in fact deny that respondent had actual knowledge of such prohibition, such paragraphs were admitted in evidence.

Petitioner having offered in evidence Paragraphs seven, seven (a), seven (b), eight, nine and ten of the petition for discipline and respondent having no objection to the committee accepting those allegations and admissions subject to consideration of the total answer such paragraphs were admitted.

## FINDINGS OF FACT

1. Petitioner is the Office of Disciplinary Counsel and is invested with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania.

2. Respondent [ ], Esq. being 51 years of age was admitted to practice law in the Commonwealth of Pennsylvania in 1962 and his office is located at [ ].

3. In 1978, the Honorable [A] was a lawyer and a Justice sitting on the Supreme Court of Pennsylvania.

4. From the time of his admission to practice law in the Commonwealth of Pennsylvania in 1962 to the present time, respondent has been engaged in the active practice of law in the Commonwealth.

5. Respondent does not handle domestic relations, criminal work or negligence and his practice is confined to law and accounting, primarily estate planning, income taxes and estate taxes.

6. Respondent's only appearance before an Appellate Court Federal or state was one brief appearance in 1976 and his other practice has been confined to the local orphans' court and various administrative agencies.

7. Justice [A] was an instructor at [ ] University Law School during the time respondent was a student in such school and they developed a personal friendship which continued through social contracts until the death of Justice [A].

8. November 8, 1978, Justice [A] made a telephone request to respondent for a personal loan of $12,000 which he proposed to repay in about six months with interest at ten percent.

9. November 9, 1978, respondent made a with-

drawal from the [ ] Savings and Loan Association in the amount of $12,000 with check made payable to [A].

10. Respondent made no effort to hide or conceal the fact of his loan to Justice [A].

11. Subsequently Justice [A] sent to respondent a judgment note in the sum of $12,000 with interest at ten percent.

12. Respondent's loan to Justice [A] was made in a purely personal and friendship context and without thought of any violation of any Disciplinary Rule or Canon of Ethics.

13. At the time of the loan by respondent to Justice [A], respondent was in fact aware of the Disciplinary Rules but not aware of the prohibition of D.R. 7-110(A).

14. After the death of Justice [A] November 8, 1979, respondent notified the attorney for Justice [A's] Estate of the existence of such note and filed the note of record in Orphans' Court of [ ] County.

15. At the time of the loan by respondent to Justice [A] there was no intention or motivation to curry favor with Justice [A] in his official position and no thought that an appearance of having sought to do so might arise.

16. The Estate of Justice [A] is, in fact, insolvent and the loan by respondent has never been repaid.

17. Respondent serves as Treasurer of the Retention Committee of the [ ] County Bar Association and as such Treasurer has handled funds for political campaigns for judges.

18. There appeared as character witnesses for respondent [B], Chairman of the Board of [ ] Company; [C], an attorney and State and Gift Tax and Group Manager for the I.R.S.; and [D], an attorney of [ ], Pa., all of whom testified to their acquaintanceship with respondent and their unqualified be-

lief in and willingness to rely upon the integrity of respondent.

19. Respondent's Exhibits A through A-18 are 18 letters from a cross section of attorneys, churchmen and business people setting forth respondent's honesty and integrity and their willingness to rely on the same.

20. The facts of respondent's loan to Justice [A] and this resulting Disciplinary Petition are generally known in the community within which respondent lives and practices his profession.

21. Respondent's honesty, integrity and fitness to practice his profession have not been challenged or questioned in any manner in this proceeding beyond the charges made in the Petition for Discipline.

## DISCUSSION

The petition for discipline was filed charging that respondent made a loan to Justice [A] in violation of D.R. 7-110(A) which forbids a lawyer to give or lend anything of value to a judge and charging a violation of D.R. 1-103 requiring any lawyer having unprivileged knowledge of the violation of the Disciplinary Rules to report the same to a tribunal or authority empowered to investigate or act upon any proven misconduct. Respondent freely admits that he did in fact make a personal loan of $12,000 to Justice [A] stating that such loan was made on the basis of a friend to a friend of many years standing and not on the basis of one lawyer to another or lawyer to a judge and in this context respondent did not realize that such loan was a violation of any Displinary Rule or that the acceptance of such loan by Justice [A] was a violation which should be reported.

Respondent also freely admits that he should have known of the prohibition and duties of the subject Disciplinary Rules but emphatically denies that he did in fact know the provisions of the rules the violation of which are charged in this proceeding. The hearing committee believes respondent's denial and appreciates his candor in stating the facts to the committee.

While your hearing committee does not believe that D.R. 7-110(A) was intended to prohibit gifts or loans between friends merely because the parties happen to be members of the legal profession, no such exception or exclusion is found in the rule and your committee is unwilling to weaken the rule by attempting to find an exception or exclusion by interpretation. Nevertheless, your committee does believe that no wrongful intent was ever involved or charged in this proceeding and the committee is faced with a technical violation of D.R. 7-110(A) and a resulting technical violation of D.R. 1-103. The rules herein involved are specifically designed to protect the integrity of our judicial system and any increased public confidence in attorneys, while not the primary purpose of the rule is a happy by-product of the enactment of such rules.

In view of the number of persons involved either as witnesses or the signers of letters attesting to the truthfulness and integrity of respondent, your committee is of the opinion that there has been demonstrated to the community at large the fact that even an attorney with the unquestioned standing in a community and the profession of respondent will be required to answer to a disciplinary tribunal at anytime a violation of his duties as set forth in the Disciplinary Rules is charged.

Your committee is of the opinion that the anguish which this proceeding cannot help but have caused respondent, by having been placed in a position

where he had to call upon his friends and business associates to take action on his behalf, has impressed upon respondent the need to avoid even the appearance of violations much more strongly than could any action recommended by this committee.

## CONCLUSIONS OF LAW

1. Respondent has unintentionally and with no wrongful motive committed a technical violation of D.R. 7-110(A).

2. Respondent has unintentionally, and with no wrongful motive committed a technical violation of D.R. 1-103.

## RECOMMENDED DISPOSITION OF THE PETITION

It is the belief of the hearing committee [ ] that appropriate Disciplinary action, based upon the entire record, is an informal admonition delivered from the standpoint of a sympathetic but concerned colleague cautioning against any activity which might give any appearance of any impropriety and such admonition should not be delivered as would a severe criticism and pointing out of errors be delivered to one who had been charged with an intentional or negligent violation of a Disciplinary Rule.

## ORDER

JOHNSON, *Chairman,* And now, August 25, 1982, the report and recommendation of hearing committee [ ] dated July 8, 1982 is accepted; and it is ordered and decreed, that the said [respondent] of [ ] County, be subjected to an informal admonition by Disciplinary Counsel as provided in Rule 204(6) of the Pennsylvania Rules of Displinary Enforcement. Costs are to be paid by respondent.